[Civ. No. 30989. First Dist., Div. Four. Apr. 17, 1972.]

MICHAEL CASPER STALCUP, Petitioner, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Paul Ligda, Public Defender, and William Hubbard, Deputy Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Gloria F. DeHart and April Kestell, Deputy Attorneys General, for Respondent and for Real Party in Interest.

## OPINION

**BRAY, J.**[*]—Petitioner seeks a writ of prohibition or mandate directing the Solano County Superior Court to enter an order of conviction of murder in the second degree and to set aside its order setting the cause for retrial.

### Question Presented

Should the trial court instead of declaring a mistrial have entered an order of conviction of defendant of murder in the second degree?

Petitioner was tried in the Solano County Superior Court on an information charging him with violation of Penal Code section 187 (murder). A trial was had and, after deliberation, the jury returned to the courtroom and for an unstated time the following proceedings were had.

"THE FOREMAN: After all the deliberations and the appearances in and out of court for various points cleared up, we have all agreed that we are not going to be able to come to any unanimous decision.

"THE COURT: Let me ask you this: Now, does this failure to agree have to do with the crime itself, or the degree of the crime?

"THE FOREMAN: It has mainly to do with the degree of the crime, as between murder one and murder two.

"THE COURT: I see. All right. *Are you agreed on a verdict of murder?*

"THE FOREMAN: *We have agreed on murder.*"

The court then stated in effect that it did not want to do anything that might amount to coercing the jury and said, "It's a matter of degree?" The foreman replied, "That's right, your Honor."

The court sent the jury back and in chambers said that the record should show that they were discussing the applicability of Penal Code section 1157. (That section provides: "Whenever a defendant is convicted of a crime which is distinguished into degrees, the jury . . . must find the degree of the crime of which he is guilty. Upon the failure of the jury . . . to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree.")

The court then stated that "the jury has informed the Court that *they have agreed on murder,* but have been unable to reach a verdict on degree."

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

He asked the prosecutor's view. He stated that a mistrial should be called "and that you do not use your—I guess it's a prerogative, under the Code, to reduce it to a lesser degree. . . . [A]pparently the jurors are not taking this matter of degree lightly." Defense counsel then moved "that you do find under 1157. The jury has indicated to us that they are unable to set the degree of the crime. *They are unanimous, they indicate, as to the crime itself, the crime of murder."*

The court stated that back in court it would ascertain the "last vote on degree" and then determine what to do. Back in the courtroom the court asked the foreman to state how the jury on its last vote "on the matter of degree" stood numerically, and was informed that it was eight to four. The court then declared a mistrial "for *failure to agree on the matter of penalty"* and excused the jury.

The court then fixed a date for setting a new trial, whereupon the court asked defense counsel to check the provisions of Penal Code section 1157 and the cases thereon, and stated "It might be a matter of law that . . . the Court must declare this as murder in the second degree. . . . [T]hey told us they failed to agree. It might be a matter of law, that I am required to find it murder in the second degree."

On the date for the setting of a new trial, defense counsel stated that he would like to further check out the provisions of section 1157 and referred the court to *People* v. *Hughes* (1959) 171 Cal.App.2d 362 [340 P.2d 679], where on a charge of murder the jury brought in a verdict of guilty "as charged in the information." The jury was sent out to fix the degree, and determined it to be murder in the first degree. The reviewing court held that the jury, having failed to fix the degree in its first verdict, could not do so thereafter and that section 1157 required that the degree be that of second degree.

Defense counsel also cited *People* v. *Grider* (1966) 246 Cal.App.2d 149 [54 Cal.Rptr. 497], where the jury brought in a verdict of second degree robbery. On polling the jury it appeared that the finding of second degree in the verdict was a clerical error. The judge ordered the jury to continue its deliberations and on its return to the courtroom returned a verdict of first degree robbery. The reviewing court held the second verdict a nullity.

*No mistrial.*

Petitioner's theory is that the jury found him guilty of murder but disagreed as to the degree and that therefore it was the duty of the court under that section to fix the degree. The district attorney took the

position at the trial that a mistrial had taken place and that the court should, as it did, declare a mistrial.

In this case, the court erred in granting a mistrial. It had no jurisdiction to do so. The jury had returned a unanimous verdict of murder. The judge so stated and granted the mistrial solely on the ground that the jury had failed to agree on the penalty.

In *People* v. *Wiley* (1931) 111 Cal.App. 622, 625 [295 P. 1075], the court said: "The authenticity of the verdict is ascertained by requiring it to be orally declared in open court by the foreman. If demanded by either party, the verdict must be declared by each member of the jury as provided by section 1149 of the Penal Code. This is what is commonly termed polling the jury. In 16 C. J. 1100, section 2582, it is said: 'In the absence of statute requiring it, a written verdict need not be signed by the foreman of the jury, or by any of the jurors, although it is the usual and better practice for one of the jury, particularly the foreman, to sign it.'" ■ "No particular form of verdict is required, so long as it clearly indicates the intention of the jury to find the defendant guilty of the offense with which he is charged." (*People* v. *Reddick* (1959) 176 Cal.App.2d 806, 821 [1 Cal.Rptr. 767].) ■ "[T]he oral declaration by the jurors, unanimously endorsing a given result is the true 'return of the verdict' prior to the recording thereof." (*People* v. *Mestas* (1967) 253 Cal.App.2d 780, 786 [61 Cal.Rptr. 731].) ■ "In the absence of request to poll the jury, and none was made here . . . failure of the court to poll the jury does not constitute denial of due process." (*Id*. at p. 786.)

■ Penal Code section 1149 provides: "When the jury appear they must be asked by the court, or clerk, whether they have agreed upon their verdict and *if the foreman answers in the affirmative,* they must, *on being required,* declare the same." (Italics added.) Here the foreman answered in the affirmative and declared the verdict. The defendant accepted this verdict and did not require any polling of the jury. The jury did not fix the degree and, as they were unable to agree on it, section 1157 came into play and fixed the degree at second degree, the lesser degree.

Section 1192 refers to a plea of guilty or conviction by the court without a jury of a crime distinguished or divided into degrees, and requires the court before passing sentence to determine the degree. As in the situation where the jury fails to determine the degree, section 1192 provides that the degree is deemed to be of the lesser degree.

■ Concerning this section the court in *In re Harris* (1967) 67 Cal.2d 876, 881 [64 Cal.Rptr. 319, 434 P.2d 615], said: "By amending section 1192 the Legislature also determined that the state's interest in securing a

conviction of a higher degree is outweighed by the administrative convenience of terminating litigation by imposing a lesser sentence when the trial court fails to determine the degree."

The same is true of the intent of the Legislature in adopting section 1157.

The statement of the jury foreman in *People* v. *Griffin* (1967) 66 Cal.2d 459 [58 Cal.Rptr. 107, 426 P.2d 507], is entirely different from that of the foreman in the case at bench. There, after the jury had been discharged, the foreman disclosed in open court that the jury had stood ten for acquittal and two for guilty of second degree murder. ▓▓▓ Here the foreman had definitely stated, before the jury was discharged, that the jury had unanimously agreed on the murder charge.

A peremptory writ shall issue directing the Solano County Superior Court to set aside its order granting mistrial and setting the case for a new trial, and to enter a judgment of conviction of defendant of murder in the second degree.

Devine, P. J., and Rattigan, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied June 15, 1972.